**UNITED STATES of America,
Libelant-Appellee,**

**v.**

**ONE OLIVETTI–UNDERWOOD ELECTRIC ADDING MACHINE, etc.,
et al., Claimants,**

**and**

**$227.00 seized from the person of John C. Prevatt, Claimant-Appellant.**

**No. 26987
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

May 4, 1971.

Arnold D. Levine, Michael J. Freedman, Levine & Freedman, Tampa, Fla., for claimant-appellant.

Edward F. Boardman, U. S. Atty., Robert B. McGowan, Asst. U. S. Atty., Tampa, Fla., for libelant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from a decree forfeiting to the United States certain property and money belonging to John C. Prevatt and seized during a search predicated upon an affidavit that the property and money were being used in violation of 26 U.S.C.A. §§ 4411, 4412, 4901(a) and 7203. We reverse.

In the criminal proceedings, Prevatt asserted the fifth amendment privilege. On the authority of Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 and Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709,

---

\* [1] Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409. Part I.

19 L.Ed.2d 906, the District Court dismissed the criminal action.

In the civil forfeiture proceedings, Prevatt was granted leave to intervene; and, claiming to be the owner of the property and money that was the subject matter of the libel of information, he filed a petition and claim. After a nonjury trial the District Court found that the property and money seized had been used in violation of 26 U.S.C.A. §§ 4411, 4412, and 7203 and were therefore subject to forfeiture.

The question involved here has been squarely met and decided adversely to the Government in United States v. United States Coin & Currency, 1971, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434. Accordingly, this cause is reversed and remanded to the District Court with directions that the property and money, which comprised the subject matter of the forfeiture proceedings, be returned to intervenor-claimant Prevatt.

Reversed and remanded with directions.